```
1  BENJAMIN B. WAGNER
   United States Attorney
2  RUSSELL L. CARLBERG
   Assistant U.S. Attorney
3  501 I Street, Suite 10-100
   Sacramento, California  95814
4  Telephone:  (916) 554-2748
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:08-CR-00376-EJG |
| Plaintiff, | PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| GARRET GRIFFITH GILILLAND III, | |
| Defendant. | |

Based upon the entry of plea and stipulation and application for preliminary order of forfeiture entered into between plaintiff United States of America and defendant Garret Griffith Gililland III, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), defendant Garret Griffith Gililland's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

    (a) Approximately $28,900 in U.S. Currency,
    (b) Approximately $20,000 in U.S. Currency,
    (c) 2003 West Coast Chopper Motorcycle,

Vin#1W9SJ25073P279147, and
          (d)   Breitling wristwatch.

     2.   The above-listed property constitutes property that is
proceeds of, and traceable to, violations of 18 U.S.C. § 1341 and 18
U.S.C. § 1957, and/or constitute substitute assets as defined in 21
U.S.C. § 853(p)(2), and are subject to forfeiture pursuant to 18
U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p)(1).

     3.   Pursuant to Rule 32.2(b), the Attorney General (or a
designee) shall be authorized to seize the above-listed property.
The aforementioned property shall be seized and held by the U.S.
Marshals Service in its secure custody and control.

     4.   a.   Pursuant to 18 U.S.C. § 982(b)(1) and 28 U.S.C. §
2461(c), incorporating 21 U.S.C. § 853(n), and Local Rule 171, the
United States shall publish notice of the order of forfeiture.
Notice of this Order and notice of the Attorney General's (or a
designee's) intent to dispose of the property in such manner as the
Attorney General may direct shall be posted for at least 30
consecutive days on the official internet government forfeiture site
www.forfeiture.gov.  The United States may also, to the extent
practicable, provide direct written notice to any person known to
have alleged an interest in the property that is the subject of the
order of forfeiture as a substitute for published notice as to those
persons so notified.

          b.   This notice shall state that any person, other than
the defendant, asserting a legal interest in the above-listed
property, must file a petition with the Court within sixty (60) days
from the first day of publication of the Notice of Forfeiture posted
on the official government forfeiture site, or within thirty (30)

days from receipt of direct written notice, whichever is earlier.

    5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 982(a)(1), and 18 U.S.C. § 982(b)(1), incorporating 21 U.S.C. § 853(p), in which all interests will be addressed.

    SO ORDERED this 25th day of October, 2011.

/s/ Edward J. Garcia
EDWARD J. GARCIA
United States District Judge